| | |
|---|---|
| 1 | LAW OFFICES OF ROBERT P. SPRETNAK |
| | Robert P. Spretnak, Esq. (Bar No. 5135) |
| 2 | 8275 S. Eastern Avenue, Suite 200 |
| | Las Vegas, Nevada 89123 |
| 3 | Telephone: (702) 454-4900 |
| | Fax: (702) 938-1055 |
| 4 | Email: bob @ spretnak.com |
| | Attorney for Plaintiff and Counter-Defendant |
| 5 | |
| | ROBISON, BELAUSTEGUI, SHARP & LOW |
| 6 | Stefanie T. Sharp, Esq. (Bar No. 8661) |
| | Clayton P. Brust, Esq. (Bar No. 5234) |
| 7 | 71 Washington Street |
| | Reno, Nevada 89503 |
| 8 | Telephone: (775) 329-3151 |
| | Fax: (775) 329-7941 |
| 9 | Email: ssharp @ rbsllaw.com, cbrust @ rbsllaw.com |
| | Attorneys for Defendant and Counterclaimant |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| NEDRA WILSON, | ) | Case No.:  2:15-cv-01387-APG-CWH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEVADA AFFORDABLE HOUSING ASSISTANCE CORPORATION, | ) ) | **STIPULATED PROTECTIVE ORDER REGARDING** |
| a Nevada non-profit corporation, | ) | **CONFIDENTIALITY OF** |
| | ) | **DOCUMENTS PRODUCED** |
| Defendant. | ) | |
| | ) | |
| NEVADA AFFORDABLE HOUSING | ) | |
| ASSISTANCE CORPORATION, | ) | |
| a Nevada non-profit corporation, | ) | |
| | ) | |
| Counterclaimant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| NEDRA WILSON, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, on joint motion of the parties and for good cause shown, the parties hereby stipulate and agree that a Protective Order should be entered in this matter as set forth below.

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 1 of 5

Plaintiff and Counter-Defendant Nedra Wilson ("Ms. Wilson"), represented by Robert Spretnak, has filed this action against Defendant and Counterclaimant Nevada Affordable Housing Assistance Corporation, a Nevada non-profit corporation, ("NAHAC") represented by counsel Stefanie T. Sharp, Esq., and Clayton P. Brust, Esq. In her Complaint, Ms. Wilson alleged as follows: (1) unlawful retaliation in violation of 42 U.S.C. § 2000e-3(a), as set forth in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; (2) unlawful employment discrimination due to race in violation of 42 U.S.C. § 2000e-2(a), as set forth in Title VII; and (3) violation of her civil rights pursuant to 42 U.S.C. § 1981. NAHAC denied liability on these claims and counterclaimed against Ms. Wilson, alleging the following: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) breach of the fiduciary duty of loyalty. Ms. Wilson moved to dismiss the second and third of these counterclaims and, additionally, has denied liability on each of the above counterclaims.

During discovery in this matter, NAHAC has requested and has subpoenaed documentation regarding Ms. Wilson's health and medical history, including mental and emotional health and medical history. Ms. Wilson considers this information and any related documents to be private and confidential. The litigation of this case, including discovery, will require the production of documents, inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions, during which potentially confidential and/or private information and documents of the parties will be exchanged and disclosed. To expedite the flow of discovery without risk of automatic waiver of privilege or work product protection, to facilitate the prompt resolution of disputes over confidentiality, to protect adequately material entitled to be kept confidential, the parties agree to limit the disclosure and use of confidential and private information and documents as stipulated to pursuant to this Protective Order on the following terms:

Therefore, it is hereby ORDERED by the Court that the following shall apply to information, documents and excerpts from documents supplied by the parties to each other as initial disclosures, in response to discovery requests, third-party subpoenae duces tecum, or via any other method of production, formal or informal:

1.    Counsel for any party may designate any document or information contained in a

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 2 of 5

document as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated by a party as confidential will be labeled "**CONFIDENTIAL – PRODUCED PURSUANT TO PROTECTIVE ORDER**." "Confidential" information or documents may be referenced collectively as "confidential information."

2. Any medical records produced pursuant to an "Authorization for the Release of Protected Health Information," or similar release signed for the production of medical records, are designated "confidential" for purposes of this Stipulation even without the labeling set forth in Paragraph 1. This shall include any documentation received in response to a subpoena duces tecum issued to Ellaine Pingol, M.D.

3. Any documentation regarding any Independent Medical Examination to which Ms. Wilson has submitted are designated "confidential" for purposes of this Stipulation even without the labeling set forth in Paragraph 1.

4. Unless ordered by the Court, or otherwise provided for herein, the party receiving information designated hereunder as "confidential," that is produced in this matter, may use such information only for all purposes in the course of this litigation, the matter of *Nedra Wilson v. Nevada Affordable Housing Assistance Corporation, a Nevada non-profit corporation*, and related claims, 2:15-cv-01387-APG-CWH.

5. In the event a party challenges another party's confidential designation, counsel shall make a good faith effort to resolve the dispute in accordance with LR 26-7 and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Stipulated Protective Order operates to create an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law and Court rules.

6. Information or documents designated as "confidential" pursuant to paragraph 1, *supra*, shall not be disclosed to any person, except:

   a. The requesting party and counsel of record;

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

      b.      Employees of such counsel assigned to and necessary to assist in the litigation;

      c.      Consultants or experts to the extent deemed necessary by counsel; and

      d.      Any person from whom testimony is taken or is to be taken in these actions, except that such a person may only be shown that confidential information during and in preparation for his/her testimony, and only as needed for purposes of that third party's testimony, and that such person shall not retain the confidential information.

7.     Prior to disclosing or displaying the confidential information to any person, counsel shall (1) inform the person of the confidential nature of the information or documents; (2) inform the person that this Order has restricted the use of the information or documents by him/her for any purpose other than this litigation and has restricted the disclosure of that information or documents to any other person; and (3) obtain a signed acknowledgment from that person, specifically stating that the person has been informed of (i) the confidential nature of said information or documents and (ii) the restrictions on the use and disclosure of said information or documents set forth in this Order. Such signed acknowledgment shall be in the form of Exhibit A, attached hereto.

8.     The confidential information may be displayed to and discussed with the persons identified in Paragraphs 6(c) and (d) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

9.     Information or documents designated as "confidential" pursuant to paragraphs 2 and 3 may be used for any purpose in connection with this litigation, including use as exhibits for motions filed with the Court or as trial exhibits. Otherwise, information or documents designated as "confidential" pursuant to paragraphs 2 and 3 are subject to the same restrictions and limitations as provided in paragraph 6, *supra*.

10.    For the purpose of Paragraphs 6(d) and 9, *supra*, any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and such documents will be sealed by the Court only upon motion. This Protective Order does not provide

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

Page 4 of 5

for the automatic sealing of such documents.

11.     At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than forty-five (45) days after entry of final judgment) returned to the producing party or certified as destroyed.

12.     The above is entirely without prejudice to the right of any party to apply to the Court for any further protective order relating to confidential information; or to object to any subpoena or to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order; or to seek any other relief from the Court.  The parties and their counsel acknowledge that it is their responsibility to timely move for further protection of any documents and information, if needed.  The withholding party should move for any such order prior to the due date for any responses, when practicable.  The responding party will not be required to produce responsive documents and information until after the Court has ruled on any motion for protective order.  Once the Court rules on the motion, the parties will be required to comply with the decision immediately.

DATED:  February 22, 2016.

LAW OFFICES OF ROBERT P. SPRETNAK

By: /s/ Robert P. Spretnak
    Robert P. Spretnak, Esq.

Attorney for Plaintiff and Counter-Defendant

8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

DATED:  February 22, 2016.

ROBISON, BELAUSTEGUI, SHARP & LOW

By: /s/ Stefanie T. Sharp
    Stefanie T. Sharp, Eq.
    Clayton P. Brust, Esq.

Attorneys for Defendant and Counterclaimant

71 Washington Street
Reno, Nevada 89503

DATED: February 24, 2016

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

LAW OFFICES OF ROBERT P. SPRETNAK
Robert P. Spretnak, Esq. (Bar No. 5135)
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 454-4900
Fax: (702) 938-1055
Email: bob @ spretnak.com
Attorney for Plaintiff and Counter-Defendant

ROBISON, BELAUSTEGUI, SHARP & LOW
Stefanie T. Sharp, Esq. (Bar No. 8661)
Clayton P. Brust, Esq. (Bar No. 5234)
71 Washington Street
Reno, Nevada 89503
Telephone: (775) 329-3151
Fax: (775) 329-7941
Email: ssharp @ rbsllaw.com, cbrust @ rbsllaw.com
Attorneys for Defendant and Counterclaimant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NEDRA WILSON,<br><br>    Plaintiff,<br><br>    vs.<br><br>NEVADA AFFORDABLE HOUSING ASSISTANCE CORPORATION, a Nevada non-profit corporation,<br><br>    Defendant.<br>_____<br>NEVADA AFFORDABLE HOUSING ASSISTANCE CORPORATION, a Nevada non-profit corporation,<br><br>    Counterclaimant,<br><br>    vs.<br><br>NEDRA WILSON,<br><br>    Counter-Defendant. | Case No.: 2:15-cv-01387-APG-CWH<br><br>**CONFIDENTIALITY AGREEMENT** |

    1.    I, _____, hereby acknowledge that I am about to receive confidential information supplied by (check one below)

# EXHIBIT A

Page 1 of 2

☐ Nedra Wilson; or

☐ Nevada Affordable Housing Assistance Corporation, a Nevada non-profit corporation.

2. I have read the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in the matter of *Nedra Wilson v. Nevada Affordable Housing Assistance Corporation, a Nevada non-profit corporation*, and related claims, 2:15-cv-01387-APG-CWH. I am executing this "Confidentiality Agreement" governing the restricted use of the confidential and protected information in this litigation, which has been provided to me. I agreed to be bound by the terms of this "Confidentiality Agreement."

3. I will not use any of the confidential and protected documents and information for any purpose other than the litigation at issue in this case. I further affirm that I will not reveal any confidential information to, nor discuss it with, any other person except in accordance with the terms of the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in this matter.

4. At the conclusion of this litigation, I will return any confidential or protected information provided to me in this matter to the attorney or law firm from whom it was received. This shall include all confidential and protected documents, we well as any copies of the documents, testimony, summaries, notes, extracts or abstracts containing any confidential and protected information. If said documentation has been destroyed, I shall certify to that effect upon request.

5. I submit to the jurisdiction of the Court identified in this Agreement for the limited purpose of enforcing the "Stipulated Protective Order Regarding Confidentiality of Documents Produced" entered in this matter.

Signature: _____

Printed name: _____

SUBSCRIBED and SWORN to before me on this ____ day of _____, 2016.

_____
NOTARY PUBLIC

THE LAW OFFICES OF
ROBERT P. SPRETNAK
A PROFESSIONAL CORPORATION
8275 S. EASTERN AVENUE
SUITE 200
LAS VEGAS, NEVADA 89123

# EXHIBIT A

Page 2 of 2