UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEDRA WILSON, | Case No. 2:15-cv-01387-APG-CWH |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON THE DEFENDANT'S COUNTERCLAIMS** |
| NEVADA AFFORDABLE HOUSING ASSISTANCE CORPORATION, | |
| Defendant. | (ECF No. 76) |

Plaintiff Nedra Wilson worked for defendant Nevada Affordable Housing Assistance Corporation (NAHAC) as its controller. After she was fired, she filed this lawsuit against NAHAC, alleging race discrimination and retaliation. In response, NAHAC filed counterclaims against Wilson for breach of contract, breach of the implied covenant of good faith and fair dealing, and breach of fiduciary duty.

Wilson moves for summary judgment on the counterclaims. As to the two contract-based claims, Wilson argues there is no contract between the parties that would allow for NAHAC to recover damages for a breach. Wilson also argues that even if a contract existed, NAHAC has not suffered any damages. As to the breach of fiduciary duty claim, Wilson argues that she did not breach a duty of loyalty to NAHAC because there is no evidence she engaged in self-dealing.

NAHAC responds that the controller job description, the employee handbook, and a TreasuryEdge Security Admin ID Authorization form were contractual obligations that Wilson breached. NAHAC contends she breached these agreements by improperly releasing a wire transfer, sharing her bank token[1] with other employees, and various other alleged performance failures. According to NAHAC, Wilson was a "faithless servant" who thus is not entitled to compensation for work done in violation of her duty of loyalty. NAHAC also argues it suffered damages in the form of salaries of employees who had to fix the mistakes Wilson allegedly made.

---

[1] Essentially a key to authorize a wire transfer of funds.

Finally, as to the breach of fiduciary duty claim, NAHAC argues Wilson owed a fiduciary duty as an employee to not disclose or misuse her employer's confidential information. NAHAC contends Wilson breached that duty when she did not safeguard her bank token and instead let other employees use it.

The parties are familiar with the facts of this case and I will not repeat them in detail here. I grant Wilson's motion on the claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty. I deny it as to the breach of contract claim.

**I. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Breach of Contract**

Wilson argues that there is no contract between the parties. She also argues NAHAC suffered no damages from a breach. NAHAC responds that the parties were in an at-will employment relationship that Nevada treats as contractual. NAHAC also argues that various documents, such as the job description, the employee handbook, and the TreasuryEdge Security Admin ID Authorization form (which sets forth who at NAHAC would have bank token rights to

1  deposit or release funds with Bank of New York Mellon), constitute a contract.  NAHAC asserts
2  damages in the form of the salary of employees who had to fix Wilson's alleged errors.

3         A breach of contract claim under Nevada law requires "(1) the existence of a valid
4  contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Med. Providers*
5  *Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011) (quotation
6  omitted).  Generally, a contract is valid and enforceable if there has been "an offer and
7  acceptance, meeting of the minds, and consideration." *May v. Anderson*, 119 P.3d 1254, 1257
8  (Nev. 2005).  Under Nevada law, an at-will employment agreement is a contract. *D'Angelo v.*
9  *Gardner*, 819 P.2d 206, 211-12 (Nev. 1991) ("Employment contracts are ordinarily and
10 presumably contracts which are terminable at will . . . .") (emphasis omitted).

11        Here, Wilson was offered the job of controller on January 17, 2014. ECF No. 76-5.  She
12 accepted the offer of at-will employment by signing the offer and job description and by working
13 for NAHAC as controller. ECF Nos. 76-5, 76-8.[2]  Under Nevada law, the at-will employment
14 relationship is contractual. *See Baldonado v. Wynn Las Vegas, LLC*, 194 P.3d 96, 105-06 (Nev.
15 2008) (en banc); *D'Angelo v. Gardner*, 819 P.2d at 211-12.  NAHAC therefore has presented
16 evidence of a valid contract between the parties.

17        Wilson argues that because NAHAC could unilaterally change the terms of her job duties,
18 no bilateral contract was formed.  But the Supreme Court of Nevada has rejected this proposition.
19 *Baldonado*, 194 P.3d at 105-06 ("[W]e also have established that employers may unilaterally
20 modify the terms of an at-will employment arrangement in prospective fashion; the employee's
21 continued employment constitutes sufficient consideration for the modification.").

22        Finally, Wilson argues there is no evidence of damages.  However, NAHAC has presented
23 evidence that it incurred expenses in correcting various errors Wilson made during her tenure. *See*
24 ECF Nos. 79 at 70-72; 80; *see also Colorado Environments, Inc. v. Valley Grading Corp.*, 779
25 P.2d 80, 84 (Nev. 1989) (contract damages "are intended to place the nonbreaching party in as

---

27     [2] The employee handbook, however, is not a contract because it expressly disclaims that it is an employment contract and states that it "is not intended to create contractual obligations of any kind." ECF
28 No. 76-11 at 5.

good a position as if the contract had been performed"); Restatement (Second) of Contracts § 347 (1979) (contract damages include "(a) the loss in value to [the nonbreaching party] of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or other loss that he has avoided by not having to perform"). I therefore deny Wilson's motion for summary judgment on the breach of contract claim.

Although I deny Wilson's motion on the grounds raised, it does not address the issue of whether she breached the contract. I am troubled by the concept of an employer suing its employee for breach of an at-will employment contract based on alleged poor performance. NAHAC contends Wilson did not perform her job well and seeks as damages the salaries of other employees or consultants who allegedly had to fix her errors. ECF No. 79 at 71-72. The Supreme Court of Nevada has treated at-will employment as a contract but it has not clarified the terms of that contract. For example, it has not addressed whether an employer can sue its at-will employee for breaching the contract by poor performance[3] and, if it can, how a jury is to measure the employee's performance to determine whether a breach has occurred. The parties could not possibly have contemplated perfect performance by the employee, leaving open the question of how to determine when an employee's job performance is so poor it amounts to breach of an at-will employment contract. This seems a dubious contract action in my view and this scenario lends itself to great mischief, particularly where it is asserted, like here, as a counterclaim to a plaintiff's discrimination claim against the employer. *Cf. Fried v. Aftec, Inc.*, 587 A.2d 290, 296-97 (N.J. App. Div. 1991) (ruling that an employer's breach of contract claim was properly dismissed where it sought lost profits due to the employee's alleged poor performance); *Carmichael v. Lavengood*, 44 N.E. 2d 177, 180 (Ind. 1942) ("[I]n the absence of an express agreement by which the agent expressly agrees to be so bound, the agent is not an insurer of the success of his undertaking and he does not guarantee his principal against incidental losses, and if

---

[3] According to the *Fried* court, the "employer's remedy is to fire the employee for ineptness or lack of diligence." *Fried v. Aftec, Inc.*, 587 A.2d 290, 297 (N.J. App. Div. 1991).

he acts with good faith and with due care he is not liable for losses which result from a mere mistake."). If this case proceeds to trial, the parties will have to address such issues in the jury instructions.

**B. Breach of the Covenant of Good Faith and Fair Dealing**

Wilson argues the facts do not support a claim for breach of the implied covenant of good faith and fair dealing. NAHAC responds that Nevada law implies a covenant of good faith and fair dealing into every contract, and Wilson breached that covenant by depriving NAHAC of the benefit of its bargain (namely, competent services in exchange for a salary).

Under Nevada law, "an implied covenant of good faith and fair dealing exists in *all* contracts." *A.C. Shaw Const., Inc. v. Washoe Cty.*, 784 P.2d 9, 10 (Nev. 1989) (emphasis in original). "Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 922-23 (Nev. 1991). Alternatively phrased, "[w]hen one party performs a contract in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith." *Id.* at 923. Whether the alleged breaching party's "actions fall outside the reasonable expectations of the [other] party is determined by the various factors and special circumstances that shape these expectations." *Id.* at 924. Whether a party acted in good faith is a question of fact. *A.C. Shaw Const., Inc.*, 784 P.2d at 11.

Although good faith ordinarily is a question of fact, NAHAC has not presented evidence raising a genuine dispute that Wilson either deliberately contravened the intention and spirit of the contract or acted in a manner unfaithful to the contract's purposes. Rather, NAHAC contends (and presents very conclusory evidence in support)[4] that she committed various errors in performance of her job duties in the context of an at-will employment relationship.

---

[4] *See* ECF No. 80 (affidavit of Matthew Huckins stating "[i]t was discovered" Wilson had made various errors such as sending out inaccurate tax forms, incorrectly booking wages, failing to keep adequate records, and issuing checks without proper supporting documentation).

NAHAC cites no authority for the proposition that an at-will employee violates the implied covenant of good faith and fair dealing by not performing to her employer's satisfaction. There is no evidence of bad faith or deliberate misconduct here. For example, Wilson did not abandon her role as controller. *Compare Perry v. Jordan*, 900 P.2d 335, 336-38 (Nev. 1995) (holding breach of implied covenant claim was supported by evidence that the manager sold the store to the new owner with a promise to manage it and knew the owner relied on her to run it, but the manager "abandoned" the store despite a one-year management contract that paid $5,000 per month, and the store closed shortly thereafter). Additionally, as discussed with respect to NAHAC's breach of fiduciary duty claim, there is no evidence Wilson was a "faithless servant" unentitled to her wages as NAHAC contends. I therefore grant Wilson's motion for summary judgment on NAHAC's claim for breach of the implied covenant of good faith and fair dealing.

**C. Breach of Fiduciary Duty**

Under Nevada law, a claim for breach of fiduciary duty has three elements: (1) existence of a fiduciary duty; (2) breach of the duty; and (3) the breach proximately caused the damages. *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1245 (D. Nev. 2008). A "corporate officer or director stands as a fiduciary to the corporation." *Leavitt v. Leisure Sports Inc.*, 734 P.2d 1221, 1224 (Nev. 1987).

There is no evidence Wilson was a corporate officer or director. She thus is not a fiduciary to NAHAC in that context.

But Nevada courts tend to follow the Restatement of Agency, which states that an employee owes a duty of loyalty to act solely in the interests of her employer within the business area for which she is employed. Restatement (Second) of Agency § 387 ("Unless otherwise agreed, an agent is subject to a duty to his principal to act solely for the benefit of the principal in all matters connected with his agency."); *White Cap Indus., Inc. v. Ruppert*, 67 P.3d 318, 319 (Nev. 2003) (following the Restatement (Second) of Agency § 381 and finding no breach of the duty of loyalty by failing to disclose another employee's preparations to compete with their employer). This district has concluded that employees, even those who are not officers or

directors, owe a duty of loyalty. *See New England Life Ins. Co. v. Lee*, No. 2:14-CV-01797-JCM-NJK, 2015 WL 1413391, at *6 (D. Nev. Mar. 27, 2015); *Metlife Bank, N.A. v. Evergreen Moneysource Mortg. Co.*, No. 2:10-CV-00288-RLH-PAL, 2010 WL 2541729, at *2 (D. Nev. June 17, 2010).

NAHAC offers no evidence that Wilson acted contrary to NAHAC's interests, disclosed its confidential information to outside sources to NAHAC's detriment, competed against NAHAC, or usurped a NAHAC opportunity.  NAHAC's claim is based entirely on Wilson's violation of internal policies regarding the proper authorization of a wire transfer and the proper handling of bank tokens. ECF No. 79 at 16 (citing to ECF No. 72 at 3, 6-8).  NAHAC employees admit NAHAC suffered no injury from these internal policy violations. ECF Nos. 76-2 at 79-80; 76-4 at 41.  Wilson's conduct does not support a claim for breach of the duty of loyalty.  I therefore grant Wilson's motion for summary judgment on this claim.

**II.  CONCLUSION**

IT IS THEREFORE ORDERED that plaintiff Nedra Wilson's motion for summary judgment **(ECF No. 76) is GRANTED in part and DENIED in part**.  The motion is granted as to the defendant's claims for breach of the implied covenant of good faith and fair dealing and breach of fiduciary duty.  It is denied as to the defendant's breach of contract claim.

DATED this 30th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE