UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NEDRA WILSON, | Case No. 2:15-cv-01387-APG-CWH |
| Plaintiff, | |
| v. | **ORDER DENYING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| NEVADA AFFORDABLE HOUSING ASSISTANCE CORPORATION, | (ECF No. 71) |
| Defendant. | |

Plaintiff Nedra Wilson worked for defendant Nevada Affordable Housing Assistance Corporation (NAHAC) as its controller. After she was fired, she filed this lawsuit against NAHAC, alleging race discrimination and retaliation. NAHAC moves for summary judgment, arguing there is no evidentiary basis to support a race discrimination claim because Wilson is only speculating that race played a role in her termination. As to the retaliation claim, NAHAC contends it had a legitimate reason for firing Wilson and there is no evidence of pretext.

Wilson responds that she was fired for sharing her bank token[1] but Caucasian employees did the same thing and were not fired. She also argues that there is evidence of retaliation because she was fired shortly after Kolleen Kelley took over as chair of the board for NAHAC; Kelley had a retaliatory motive related to a separate lawsuit alleging race discrimination; Kelley denied her involvement in the firing decision but NAHAC's executive director, Amber Lopez Lasater, says Kelley made the termination decision; and Lopez Lasater did not believe Wilson should have been terminated.

The parties are familiar with the facts of this case and I will not repeat them in detail here. I deny NAHAC's motion.

/ / / /

/ / / /

---

[1] Essentially a key to authorize a wire transfer of funds.

**I. ANALYSIS**

Summary judgment is appropriate if the pleadings, discovery responses, and affidavits demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c).  A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000).  I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

**A. Race Discrimination**

Title VII makes it unlawful for an employer to discriminate against an individual with respect to the terms, conditions, or privileges of employment because of the individual's race. 42 U.S.C. § 2000e–2(a)(1).  To establish a prima facie case of disparate treatment based on race, "a plaintiff must offer evidence that give[s] rise to an inference of unlawful discrimination." *Reynaga v. Roseburg Forest Prod.*, 847 F.3d 678, 690-91 (9th Cir. 2017) (quotation omitted). "One way to establish an inference of discrimination" is by establishing a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Id.*  Under *McDonnell Douglas*, a plaintiff makes out a prima facie case by showing: (1) that she is a member of a protected class; (2) that she was qualified for her position and performing her job satisfactorily; (3) that she was subjected to an adverse employment action; and (4) that "similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse

employment action give rise to an inference of discrimination." *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (quotation omitted).

If the plaintiff makes out a prima facie case, "the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action." *Reynaga*, 847 F.3d at 690-91. "If the defendant meets this burden, then the plaintiff must . . . raise a triable issue of material fact as to whether the defendant's proffered reasons . . . are mere pretext for unlawful discrimination." *Id.* (quotation omitted, second alteration in original).

As an alternative to the *McDonnell Douglas* burden shifting analysis, a plaintiff facing a summary judgment motion "may simply produce direct or circumstantial evidence demonstrating that a discriminatory reason 'more likely than not motivated' the employer." *Id.* (quotation omitted). Regardless of the method chosen, "very little evidence" is required for a plaintiff "to survive summary judgment in a discrimination case, because the ultimate question is one that can only be resolved through a searching inquiry—one that is most appropriately conducted by the factfinder, upon a full record." *Id.* (quotation omitted).

Wilson has presented evidence of a prima facie case. She is a member of a protected class because she is African-American. She has presented evidence that she was qualified for the position and performed her job satisfactorily. She was hired through a competitive hiring process and there is no evidence of any disciplinary action or comments about poor performance prior to the events immediately preceding her termination. ECF Nos. 78-2 at 13-15; 78-21 at 29-30 (former chair of the board testifying he heard no complaints about Wilson's performance and he believed she was making progress in addressing problems in the organization). She suffered an adverse employment action when she was fired. Finally, she has presented evidence that similarly situated individuals outside her protected class were treated differently. Specifically, two Caucasian employees apparently shared their bank tokens and were not terminated for this conduct. ECF No. 78-3 at 23-25; 78-24 at 4-5. Additionally, Lopez Lasater, who was the executive director/chief executive officer and Wilson's immediate supervisor, did not think Wilson should have been fired. ECF No. 78-2 at 6.

NAHAC offers a legitimate, non-discriminatory reason for Wilson's termination. According to NAHAC, Wilson released a wire transfer without authorization and shared her bank token with other employees in violation of NAHAC policies.

Wilson has met her burden of raising a genuine dispute that these given reasons are pretextual. As set forth above, similarly situated Caucasian employees were not fired for sharing their bank tokens. *Beck v. United Food & Commercial Workers Union, Local 99*, 506 F.3d 874, 883 (9th Cir. 2007) (stating that "a showing of disparate treatment raises an inference of discrimination 'because experience has proved that in the absence of any other explanation it is more likely than not that those actions were bottomed on impermissible considerations.'") (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 579-80 (1978)). Additionally, Wilson has presented evidence that she was disciplined for authorizing a wire transfer even though Lopez Lasater was aware of and did not object to Wilson's actions at the time, and Lopez Lasater did not believe that Wilson should have been terminated. ECF Nos. 78-1 at 113-15; 78-2 at 6; 78-22 at 14-15, 20. I therefore deny NAHAC's motion for summary judgment on Wilson's race discrimination claim.

### B. Retaliation

To establish a prima facie case of retaliation, a plaintiff must show that: (1) she engaged in a protected activity under Title VII, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two. *Reynaga*, 847 F.3d at 693. As with the disparate treatment claim, if the plaintiff establishes a prima facie case, the burden shifts to the defendant to offer a legitimate, non-retaliatory reason for the adverse employment action. *Id.* If the employer meets this burden, then the plaintiff bears the burden of showing that the employer's proffered reasons are pretextual. *Id.* Evidence of pretext may take many forms, including evidence that similarly situated employees were treated differently. *Id.* at 694-95. Additionally, proof of temporal proximity between the protected activity and the adverse employment action may both support the causal link in the prima facie case and be evidence of pretext. *Id.* at 694; *see also Dawson v. Entek Int'l*, 630 F.3d 928, 937 (9th Cir. 2011) ("In some cases, temporal

proximity can by itself constitute sufficient circumstantial evidence of retaliation for purposes of both the prima facie case and the showing of pretext.").

Wilson has presented evidence of protected activity because she filed an Equal Employment Opportunity Commission (EEOC) complaint of race discrimination against her prior employer, Greater Las Vegas Association of Realtors (GLVAR), in May 2013, and she filed a lawsuit against GLVAR on March 10, 2014. *Wilson v. Greater Las Vegas Ass'n of Realtors*, 2:14-cv-00362-APG-NJK, ECF Nos. 1, 1-1.  She suffered an adverse employment action when she was fired from NAHAC on September 30, 2014. ECF No. 78-6.

Wilson also has presented evidence of a causal connection between her protected activity and her termination.  Kolleen Kelley was a member of GLVAR, was a member of the board of GLVAR, and was aware of the lawsuit Wilson filed against GLVAR. ECF No. 78-4 at 9-10. Kelley also was a board member of NAHAC when Wilson was hired in January 2014. ECF Nos. 72-4 at 3; 72-6; 78-4 at 14.

In March or April 2014, Kelley opposed the NAHAC board's proposal to grant Wilson authority to co-sign checks with Lopez Lasater for amounts greater than $5,000. ECF Nos. 78-2 at 17-18; 78-21 at 21-22.  Kelley was not opposed to the controller having this power; rather, her concern was specifically directed at Wilson based on past experience at GLVAR. ECF Nos. 78-2 at 18; 78-21 at 21-22.  The board nevertheless approved Wilson for that authority. ECF No.78-2 at 18.

Kelley became the interim chair of the NAHAC board in July 2014. ECF Nos. 72-4 at 3; 78-4 at 32; 78-15.  She became the chair in September 2014. ECF Nos. 72-4 at 3; 78-14.  Just a few weeks later, Wilson was terminated. ECF Nos. 78-4 at 32; 78-6.  Although the protected activity (filing the EEOC complaint in May 2013 and related lawsuit in March 2014) occurred many months before her termination at NAHAC, Wilson was terminated within weeks of Kelley becoming chair of the board at NAHAC.  A reasonable jury could find that Kelley took retaliatory action soon after she was able to do so.  This temporal proximity raises an inference of causation.

As discussed previously, NAHAC has offered a legitimate, non-retaliatory explanation for Wilson's termination. But Wilson has presented evidence that this explanation is pretextual. Wilson was terminated for conduct that did not result in the termination of other employees who had not engaged in protected activity. Lopez Lasater did not think Wilson should have been terminated for the alleged policy violations.

Additionally, Kelley denies she made the decision to terminate Wilson and states that the decision was made by Lopez Lasater. ECF No. 78-4 at 31-32. However, Lopez Lasater states that she did not think Wilson should have been terminated and that she did not make the decision to fire Wilson. ECF No. 78-2 at 21-22, 76-77. Instead, Lopez Lasater contends that she was directed to fire Wilson during a phone call with Kelley and NAHAC's counsel, Stefanie Sharp. ECF No. 78-2 at 21-23, 28-29, 67; *see also* ECF No. 78-19 (board member Anuja Dass testifying that Lopez Lasater was not the person who decided to terminate Wilson). A reasonable jury could find Kelley made the termination decision and her effort to distance herself from that decision is evidence of pretext. Further, Wilson has presented evidence that Kelley previously attempted to undermine Wilson's performance when she objected to Wilson being given co-signing authority on checks over $5,000. Kelley expressed a concern about Wilson based on their prior history at GLVAR. ECF No. 78-2 at 43. Finally, the temporal proximity between when Kelley became chair of the board with the power to terminate Wilson and Wilson's termination raises an inference of retaliatory intent. I therefore deny NAHAC's motion for summary judgment on the retaliation claim.

**II.  CONCLUSION**

IT IS THEREFORE ORDERED that defendant Nevada Affordable Housing Assistance Corporation's motion for summary judgment **(ECF No. 71) is DENIED**.

DATED this 30th day of March, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE